UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LEE SPANGLER,

    Petitioner,

v.      CASE NO. 05-CV-60171-AA
    HONORABLE JOHN CORBETT O'MEARA

KURT JONES,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S REQUEST FOR A STAY

This matter is pending before the Court on petitioner Richard Lee Spangler's habeas corpus petition, which was filed through counsel on June 24, 2005. Petitioner alleges that he simultaneously filed a motion for relief from judgment in state court.

Petitioner was convicted in Oakland County Circuit Court of three counts of first-degree criminal sexual conduct (CSC), one count of second-degree CSC, and one count of robbery. He has served his sentence for second-degree CSC, but he remains incarcerated for the robbery and first-degree CSC convictions.

The pending habeas petition appears to raise one ground for relief, which is based on *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner seeks to have his habeas petition held in abeyance pending resolution of his post-conviction motion in state court.

### Discussion

Habeas petitioners must exhaust available state remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). They also must abide by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The Supreme

Court held earlier this year that, under certain circumstances, district courts may stay and hold exhausted claims in abeyance while a prisoner pursues state remedies for his unexhausted claims.  *See Rhines v. Weber*, __ U.S. __, __, 125 S. Ct. 1528, 1534-35 (2005).

In *Rhines*, the Supreme Court was faced with a "mixed petition" of exhausted and unexhausted claims, whereas in the pending case, there apparently are no exhausted claims to stay.  However, the Supreme Court recognized in *Rhines* that "[d]istrict courts . . . ordinarily have authority to issues stays where such a stay would be a proper exercise of discretion."  *Id.* at 1534 (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), and *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  And in another case decided this year, the Supreme Court stated that prisoners seeking state postconviction relief may file a "protective" habeas petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.  *See Pace v. DiGuglielmo*, __ U.S. __, __, 125 S. Ct. 1807, 1813 (2005) (citing *Rhines*, 125 S. Ct. at 1531).

Petitioner alleges that his habeas petition was filed within one year of the Supreme Court's decision in *Blakely* and that it was timely filed under *Dodd v. United States* __ U.S. __, 125 S. Ct. 2478, 2482 (2005) (concluding that a federal defendant seeking to vacate his sentence under 28 U.S.C. §2255 has "one year from the date on which the right he asserts was initially recognized by this Court" to file his motion).  The Court concludes, without deciding the statute-of-limitations issue, that a stay would be a proper exercise of discretion here.  Accordingly, Petitioner's request for a stay is GRANTED.

The Court's stay is conditioned on Petitioner filing an amended habeas petition within

**sixty (60) days** of exhausting state remedies for his claim.  The Court expresses no opinion on whether Petitioner has any right to relief under *Blakely*, whether the instant petition was timely filed, or on whether Petitioner's claim is barred from review for some other reason.


                  s/John Corbett O'Meara
                  John Corbett O'Meara
                  United States District Judge

Dated:  December 19, 2005