UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LEE SPANGLER,

        Petitioner,

v.                                    CASE NO. 05-CV-60171-AA
                                    HONORABLE JOHN CORBETT O'MEARA

KURT JONES,

        Respondent.
_____/

## ORDER
## (1) GRANTING PETITIONER'S REQUEST TO SUPPLEMENT HIS HABEAS PETITION, (2) DIRECTING THE CLERK TO SERVE THE PETITION AND REQUEST, AND (3) DIRECTING RESPONDENT TO FILE A RESPONSIVE PLEADING

Pending before the Court is petitioner Richard Lee Spangler's request for permission to supplement his habeas corpus petition, which he filed on June 24, 2005. The initial petition did not list any claims, although it referenced *Blakely v. Washington*, 542 U.S. 296 (2004). At Petitioner's request, the Court held the petition in abeyance so that Petitioner could pursue post-conviction remedies in state court.

Petitioner alleges that the state courts have completed their review of his post-conviction motion for relief from judgment. He seeks to supplement his habeas petition with the following claims:

    II.      Trial court violated Defendant's due process rights by sentencing Defendant based on information found in two psychologists' pre-sentencing reports that were heavily influenced by information ordered struck by the trial court as inaccurate; furthermore, defendant's attorney's failure to cite this at the time of sentencing was a violation of his Sixth Amendment rights to representation.
    III.     The Due Process Clause of the U.S. Const., amend. XIV, requires

> that Defendant's pre-sentence reports, psychological reports, and judgments of sentence be corrected so that he can receive proper placement, classification, and parole eligibility within the Michigan Department of Corrections (MDOC).

> IV. That Defendant was denied the effective assistance of counsel by failures by his attorneys Michael S. Friedman and appellate counsel Fred Bell properly to review the psychologists' reports prior and subsequent to the court hearing for possible significant errors and to timely object thereto.

Courts may lift a stay and allow a prisoner to proceed in federal court after the prisoner exhausts state remedies. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Accordingly, Petitioner's request to supplement his habeas petition [Doc. 5, Dec. 3, 2007] is **GRANTED**.

The Clerk of the Court is **ORDERED** to serve (1) a copy of the initial Petition for Writ of Habeas Corpus, (2) Petitioner's Request to Supplement the Habeas Petition, and (3) a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail. Respondent shall file an answer to the supplemental habeas petition, along with a copy of the relevant state court transcripts, briefs, and orders and an index listing these items, on or before **May 15, 2007**. Petitioner shall have **thirty (30) days** from the date of the responsive pleading to submit a reply.

                                                    s/John Corbett O'Meara
                                                    United States District Judge

Date: January 7, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 7, 2008, by electronic and/or ordinary mail.

                                                      s/William Barkholz
                                                      Case Manager